IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 23-cv-1106**

RACHEL D. ORTEGA,

    Plaintiff,

v.

FOOTHILLS REGIONAL HOUSING, a political subdivision of the State of Colorado

    Defendant.

## COMPLAINT

Plaintiff submits the following Complaint against Defendant.

### I. PARTIES

1. Plaintiff Rachel D. Ortega ("Ortega") is an individual with an address of 9750 Dahlia Street, Thornton, Colorado 80229.

2. Defendant Foothills Regional Housing, formerly Jefferson County Housing Authority ("FRH"), is a public body corporate and politic, organized and existing under the laws of the State of Colorado with an address of 11941 West 48th Avenue, Wheat Ridge, Colorado 80033.

3. FRH's actions as described herein were taken against against Ortega under color of state law within the meaning of 42 U.S.C. § 1983.

1

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. All prerequisites or conditions precedent to the institution of this suit have been met.

7. Plaintiff filed a timely charge of discrimination.

8. On February 10, 2023, the EEOC issued a Notice of Right to Sue in regard thereto. This action was timely filed within ninety days of Plaintiff's receipt of the Notice of Right to Sue.

## IV. GENERAL ALLEGATIONS

9. FRH hired Ms. Ortega on or about September 11, 2020, as a Housing Specialist. Her performance was at all relevant times satisfactory.

10. Ortega, with FRH's full consent and cooperation, often performed most of her work remotely and had done so for several consecutive months, including in the Spring of 2021.

11. On September 28, 2022, FRH's CEO and Executive Director, Lori Rosendahl, sent an email to all FRH staff that announced FRH's COVID-19 vaccination requirement and said in, part:

> As of November 1, 2021, all Foothills Regional Housing employees must be fully COVID vaccinated. With more than 2/3 of our clients being elderly or disabled it is clear that we serve a very vulnerable population and it is our duty to ensure they are protected … we all have contact with each other and the majority of us have contact with our clients … If you choose not to get vaccinated please get with Kristen to work out your exit strategy.

12. In her email, Rosendahl made no mention of the fact that FRH employees might be entitled to an accommodation under Title VII.

13. Rosendahl's email presented a stark choice between obtaining the vaccine and employment termination.

14. Thus, from the inception of the policy, FRH displayed a blinkered rigidness in implementing the policy that did not take into account any requirements of Title VII and the guidelines published by the EEOC.

15. On September 28, 2021, at 10:00 AM, Ortega requested an exemption from FRH's vaccine mandate due to her sincerely held religious beliefs. She is a Christian, and her faith precludes her from taking such a vaccine.

16. Literally three minutes later (at 10:03 AM), she received the following reply from Kristen Gine, FRH's "Chief People Officer":

> Hello Rachel,
>
> We are not accepting any religious exemptions due to the nature of our clients. We can discuss more in person including your exit if you choose not to get the vaccine.
>
> Thank you,
>
> Kristen Gines, PHR (She/Her/Hers)

17. And four minutes later (at 10:07 AM) Rosendahl sent an email confirming the denial of Ortega's request.

3

18. FRH had a rigid policy of denying all requests for accommodation regardless of their individual merit. This demonstrates that FRH determined to deny all requests for accommodation in complete defiance of its duty under Title VII to enter into discussions with the employee and evaluate each request on its own merits.

19. FRH's denial of Ortega's request only three minutes after it was made and without any attempt to discuss the matter with her demonstrates that FRH never had any intention of complying with Title VII and the EEOC's guidelines regarding employee rights under the law.

20. FRH refused to discuss the matter with Ortega to determine the accommodation Ortega was requesting.

21. FRH refused to enter into the interactive process with Ortega.

22. FRH does not know whether the accommodation Ortega would have requested had it entered into discussions with her would have been an undue hardship, because it refused to inquire what that accommodation would be.

23. Thus, had FRH complied with its obligation under Title VII to enter into good faith discussions in an interactive process, the parties might have agreed to a mutually acceptable accommodation.

24. But FRH does not know whether there was any mutually acceptable accommodation it might have provided to Ortega because it never engaged in the interactive process.

25. Indeed, instead of engaging in the interactive process, only days later FRH began advertising a job opening to replace Ortega.

26. FRH terminated Ortega's employment on Friday, October 29, 2021.

27. On October 29, 2021, FRH provided a termination letter to Ortega that as much as admitted that it had terminated her on account of her attempt to exercise her rights under Title VII.

28. At no time has FRH disputed that Ortega had the sincerely held religious belief she claimed to have.

29. At no time did FRH ask Ortega to further explain the basis of her sincerely held religious belief.

## V.  FIRST CLAIM FOR RELIEF
**(Violation of Title VII – Religious Discrimination Failure to Accommodate)**

30. Plaintiff hereby realleges the above allegations as if fully set forth herein.

31. Title VII prohibits Defendant from discriminating against its employees on the basis of their sincerely held religious beliefs.

32. Plaintiff holds a sincere religious belief that precludes her from receiving a COVID-19 vaccine.

33. Plaintiff informed Defendant of those beliefs and requested a religious exemption and reasonable accommodation from the vaccine mandate.

34. Defendant failed to engage in the interactive process with Plaintiff regarding her religious accommodation request.

35. Irrespective of the interactive process, Defendant failed to provide Plaintiff with a religious exemption and reasonable accommodation, thereby discriminating against Plaintiff because of her religious beliefs.

36. Plaintiff's religious belief about receiving a COVID-19 vaccine was the basis for Defendant's discriminatory treatment.

37. Defendant's failure to even consider accommodating Plaintiff's religious beliefs under any circumstances whatsoever harmed and will continue to harm Plaintiff.

38. Accommodating Plaintiff's religious beliefs would not have resulted in an undue hardship on Defendant or its business.

39. By failing to engage in the interactive process or offer any reasonable accommodation, Defendant's discriminatory actions were intentional and/or reckless and in violation of Title VII.

40. Plaintiff is entitled to all legal and equitable remedies available for Title VII violations, including compensatory damages.

## SECOND CLAIM FOR RELIEF
**(Violation of Title VII – Religious Discrimination Wrongful Termination)**

41. Plaintiff hereby realleges the above allegations as if fully set forth herein.

42. Title VII make it unlawful for an employer to discharge any individual, or to otherwise discriminate against any individual, with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's religion.

43. At the time of the discrimination, Plaintiff was Defendant's employee and qualified in all respects to do her job competently. Plaintiff had a sincere religious objection to receiving the COVID-19 vaccines.

44. Defendant terminated the employment of Plaintiff after she refused to violate her conscience by subjecting herself to Defendant's vaccination mandate.

45. Defendant's termination of Plaintiff was an adverse employment action that materially and adversely changed the overall terms and conditions of her employment, in violation of Title VII.

46. Plaintiff is entitled to all legal and equitable remedies available for Title VII violations, including compensatory damages.

## VII. THIRD CLAIM FOR RELIEF
### (42 USC § 1983 Free Exercise Violation)

47. Plaintiff incorporates herein by this reference the allegations contained within the foregoing paragraphs.

48. The Free Exercise Clause of the First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, prohibits Defendant from abridging Plaintiff's rights to free exercise of religion.

49. Plaintiff has sincerely held religious beliefs set forth above that compel her to refuse any of the available COVID vaccines.

50. Defendant's policy, on its face and as applied, impermissibly targets Plaintiff's sincerely held religious beliefs by disallowing recognition of those beliefs as genuine religious beliefs.

51. Plaintiff has been given no consideration or relief under the policy, while, on information and belief, an unknown number of exemptions have been granted to others.

52. The policy is not generally applicable because it is subject to individualized exemptions.

53. The policy impermissibly burdens Plaintiff's sincerely held religious beliefs without a compelling interest or narrow tailoring.

54. The policy lacks a compelling interest because it leaves appreciable damage to Defendant's supposedly compelling interest unprohibited, since, on information and belief, it offered exemptions for medical reasons, but not for Plaintiff's religious reasons. The exempted employees' activities, while exercising the required precautions, are just as likely to spread COVID as Plaintiff's activities, to the extent Plaintiff exercised the same precautions.

55. Accordingly, Defendant cannot show it has a compelling interest in denying accommodations for Plaintiff.

56. The policy is not the least restrictive means of furthering any hypothetical compelling interest because on information and belief Defendant has shown that qualifying medical exemptees can continue to work while adopting alternative precautions.

57. Plaintiff has been damaged by Defendant's violation of her constitutional rights in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court:

A. Award Plaintiff backpay, front pay, and other compensatory damages suffered by Plaintiff, including future pecuniary losses, emotional pain, suffering,

inconvenience, mental anguish, loss of enjoyment of life, and nonpecuniary losses (or, in the alternative, reinstatement with backpay and other damages);

B. Award Plaintiff the reasonable costs and expenses of this action, including reasonable attorneys' fees as required by law;

C. Award prejudgment and post judgment interest, as provided for by law; and

D. Grant such other and further relief as the Court deems equitable and just under the circumstances.

## JURY DEMAND

Plaintiff requests trial by jury on all claims.

Respectfully submitted this 2nd day of May 2022.

*/s/ Barry K. Arrington*
_____
Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge Colorado 80033
Voice:  (303) 205-7870; Fax:  (303) 463-0410
Email:  barry@arringtonpc.com

Shaun Pearman
The Pearman Law Firm, P.C.
4195 Wadsworth Boulevard
Wheat Ridge Colorado 80033
Phone Number:  (303) 991-7600
Fax Number:  (303) 991-7601
E-mail:  shaun@pearmanlawfirm.com

*Attorneys for Plaintiffs*